OPINION OF THE COURT
John J. DeLury, J.
Accused of operating a motor vehicle with a forged registration plate and without proof of insurance, defendant contends the complaint lacks allegations which would establish, if true, the element of scienter. He therefore moves pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) to dismiss, for facial insufficiency, counts of criminal possession of a forged instrument in the third degree (Penal Law § 170.20), failure to have proof of financial security (Vehicle and Traffic Law § 319 [1]) and failure to display plates (Vehicle and Traffic Law § 402 [l]).[1]
The court has considered the court file, applicable law and opposing submissions. The People concede insufficiency as to *821 the count of Vehicle and Traffic Law § 402 (1), and that charge is therefore dismissed on the People’s motion. Defendant’s motion to dismiss the counts of Penal Law § 170.20 and Vehicle and Traffic Law § 319 (1) is denied for the following reasons.
THE COMPLAINT
Upon information supplied and later corroborated by Police Officer William Datthyn, Assistant District Attorney Michael Bono alleges in the complaint that, on or about April 15, 1998 at approximately 10:07 p.m., at the corner of Beverly Road and Bedford Avenue in Kings County, Officer Datthyn observed the defendant drive a 1987 Nissan with a forged temporary New Jersey license plate affixed to the rear window. Officer Datthyn saw that the plate was defective in certain respects: it lacked an expiration date and solid edges on the top and bottom, and contained seals with uneven spacing and faded color. Based on these observations, and relying upon his training and experience, Officer Datthyn concluded the plate was forged. Defendant allegedly could not provide further proof of registration or insurance.
In connection with an uncontested count of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), Assistant District Attorney Bono also alleges that defendant had reason to know his driver’s license had been suspended.[2]
THE PARTIES’ CONTENTIONS
Defendant contends the counts are facially insufficient because the People have not established, directly or indirectly, the mens rea element of “knowledge”. As to the registration *822 plate, defendant contends no allegation is made from which one could infer knowledge of its possession, such as that he was the owner, or knew the actual owner, of the vehicle; that the plate was of a size and in a location clearly apparent to him; or that defendant had prior familiarity with the vehicle. Even if the allegations establish knowing physical possession of the plate, defendant contends they do not prove his knowledge of the plate’s forged nature. Lastly, defendant contends the complaint lacks allegations that, even if he was not the owner himself, he knew the owner did not have proof of insurance.
In opposition, the People contend that scienter may be established circumstantially from other allegations in the complaint including those concerning the physical characteristics of the plate itself, defendant’s possession of the vehicle, his failure to provide further proof of ownership or insurance and his operation of the vehicle while his license had been suspended. Furthermore, the People contend defendant’s operation of the vehicle without financial security is presumptively established under Vehicle and Traffic Law § 319 (3).[3]
CONCLUSIONS OF LAW
 The court holds that the counts of criminal possession of a forged instrument in the third degree (Penal Law § 170.20) and failure to have proof of financial security (Vehicle and Traffic Law § 319 [1]) are facially sufficient.
In order to be facially sufficient, a complaint and/or any supporting deposition must contain nonhearsay allegations which, if true, would establish every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c]; 100.15 [3]; People v Alejandro, 70 NY2d 133.) Scienter, however, may rest upon allegations which constitute circum *823 stantial evidence. (People v Mizell, 72 NY2d 651;[4] People v Von Werne, 41 NY2d 584, 588-590.)[5]
People v Johnson (65 NY2d 556), People v Green (53 NY2d 651) and People v Love (100 AD2d 975 [2d Dept 1984]), relied upon by the defense, hold that proof of circumstantial knowledge of the forged nature of an instrument may require proof of how or where the instrument came into defendant’s possession.[6] Defendant’s reliance on these cases is misplaced, however, because they all relate to the possession of a check, whereas the instant case involves possession of a motor vehicle registration plate. Mere possession of a check carries no legal *824 burden; operation of a motor vehicle, however, requires proof, on demand, of proper registration and insurance. (Vehicle and Traffic Law § 319 [3]; n 3, supra-, Vehicle and Traffic Law § 401 [1], W].)[7]
In the instant case, defendant’s operation of a motor vehicle implicated the law’s requirement that he be able to present, on demand, documents related to the vehicle’s registration and insurance coverage. Because of the State’s strong interest in regulating the operation of motor vehicles, proof of scienter of forgery of a registration plate need not include, as with checks or other negotiable instruments, how and where defendant came into possession of the forged instrument. Instead, the People may depend upon inferences which flow naturally from defendant’s failure to comply with the affirmative duty to possess proper documents when operating a motor vehicle.
Defendant’s inability to present such documents, in violation of the law, together with the improper form of the registration plate and the apparent disregard of the law’s requirement to be properly licensed while operating a vehicle, constituted circumstantial facts from which, if true, it could be inferred that defendant knew the plate was forged and that he was operating without proof of financial security.
For the foregoing reasons, the court holds the information is facially sufficient with respect to the counts of Penal Law § 170.20 and Vehicle and Traffic Law § 319 (1). Accordingly, defendant’s motion to dismiss those counts is denied; the count of Vehicle and Traffic Law § 402 (1) is dismissed on the People’s motion.

. Penal Law § 170.20, entitled “Criminal possession of a forged instrument in the third degree”, provides as follows: “A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument.”
Vehicle and Traffic Law § 319, entitled “Penalties”, provides, in pertinent part in subdivision (1) thereof, as follows: “Any owner of a motor vehicle registered in this state, or an unregistered motor vehicle, who shall operate such motor vehicle or permit it to be operated in this state without having in full force and effect the financial security required by the provisions of this chapter and any other person who shall operate in this state any motor vehicle registered in this state, or an unregistered motor vehicle, with the knowledge that the owner thereof does not have in full force and effect such proof of financial security, except a person who, at the time of operation of such motor vehicle, had in effect an operator’s policy of liability insurance, as defined in section three hundred eighteen, with respect to his operation of such vehicle shall he guilty of a traffic infraction”.
Vehicle and Traffic Law § 402, entitled “Distinctive number; form of number plates; trailers”, provides, in pertinent part in subdivision (1) thereof, as follows: “No person shall operate, drive or park a motor vehicle on the public highways of this state unless such vehicle shall have a distinctive number assigned to it by the commissioner and a set of number plates issued by the commissioner with a number and other identification matter if any, corresponding to that of the certificate of registration conspicuously displayed, one on the front and one on the rear of such vehicle”.

. According to the People, defendant’s knowledge that his license was suspended is established in two ways. Firstly, Assistant District Attorney Bono alleges in the complaint that he received information from the New York State Department of Motor Vehicles, subsequently included in the court file in the form of a certified abstract from the Department, that defendant was driving with his privilege to do so having been suspended three times on two different dates for failure to answer several summonses. Secondly, Assistant District Attorney Bono alleges knowledge on defendant’s part because (1) all such summonses have printed on them “If you don’t answer this ticket by mail within 15 days your license will be suspended”, (2) such notices of suspension are mailed to such person at the last known address, and (3) according to defendant’s own statements, he resided at 870 Troy Avenue in Brooklyn, New York.

. Vehicle and Traffic Law § 319, entitled “Penalties”, provides as follows in subdivision (3) thereof: “Every person who operates a vehicle registered in this state, or a vehicle required to be registered in this state, shall, when required by the commissioner’s regulations, produce an insurance identification card when requested by any peace officer, acting pursuant to his special duties, police officer or magistrate. The failure to so produce such a card shall be presumptive evidence that such person was operating the vehicle without having in effect financial security required by the provisions of this chapter.”

. As stated at page 656, with reference to defendant’s possession of a residue of cocaine: “Finally, while the focal issue in this appeal as posited by the parties is ‘residue,’ we reject defendant’s additional contention that the misdemeanor complaint fails to state facts showing that his possession of a controlled substance was knowing (see, People v Dumas, 68 NY2d 729). It is settled that knowledge may be proven circumstantially and that, generally, possession suffices to permit the inference that possessors know what they possess, especially when it is on their person (People v Reisman, 29 NY2d 278, 285). Given that the complaint contains facts of an evidentiary character alleging that defendant possessed a visible amount of a controlled substance, it can be inferred for pleading purposes at this juncture that he knew what he possessed (see, People v Dumas, supra). The complaint, therefore, is facially sufficient.”

. Von Werne (supra) dealt with the propriety of legal instructions, at trial, concerning circumstantial evidence used to establish defendant’s scienter as to charges that he knowingly possessed stolen property (Penal Law § 165.45), knowingly exercised control of a vehicle without the consent of the owner (unauthorized use of a vehicle) (Penal Law § 165.05) and knowingly possessed a vehicle with a VIN plate not affixed by the manufacturer (Penal Law § 170.70 [3]). As stated by the Court (at 590): “‘Knowledge, of course, may be shown circumstantially by conduct or directly by admission, or indirectly by contradictory statements from which guilt may be inferred’. (People v Reisman, 29 NY2d 278, 285, cert den 405 US 1041; see People v Ozarowski, 38 NY2d 481, 489.)”

. People v Johnson (65 NY2d 556, 561, supra) states: “Our decision in People v Green (53 NY2d 651, supra) underscores the legislative determination that knowledge of the forged nature of the instrument will not be imputed to a person solely by reason of possession or presentation of said instrument. In Green, we held that there was insufficient proof, as a matter of law, to sustain the conviction of defendant for criminal possession of a forged instrument. This determination reflects the view that where there is absolutely no evidentiary showing of how or where the instrument came into defendant’s possession, and there exists a stipulation that the indorsement was not in defendant’s handwriting, any finding that defendant knew that the instrument was forged could have been premised on no more than speculation. (People v Green, supra, at p 652.) Green is not dispositive of the cases on appeal, but merely presents one set of circumstances which will not, as a matter of law, permit a finding that defendant had guilty knowledge of forgery.”

. Vehicle and Traffic Law § 401, entitled “Registration of motor vehicles; fees; renewals”, provides, in pertinent part, as follows in subdivision (1) thereof: “Registration by owners, a. No motor vehicle shall be operated or driven upon the public highways of this state without first being registered in accordance with the provisions of this article, except as otherwise expressly provided in this chapter.” Subdivision (4) thereof provides, in pertinent part, as follows: “Carrying certificate of registration. Any * * * police officer may request that the operator of any motor vehicle produce for inspection the certificate of registration for such vehicle and such operator shall furnish to such * * * police officer any information necessary for the identification of such vehicle and its owner, and. all information required concerning his license to operate * * * If a vehicle does not have affixed a validating sticker which indicates the plate number, the vehicle identification number and the expiration date of the registration, the failure to produce the certificate of registration, or a photostatic copy of such certificate, shall be presumptive evidence of operating a motor vehicle * * * which is not registered as required by this article.”