■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FERNANDEZ, Appellant. [705 NYS2d 332] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered July 1, 1997, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court properly admitted testimony that, after an unspecified conversation between the arresting officers and a nontestifying bystander, the officers focused their attention on defendant. Defendant failed to preserve his present claim that such testimony constituted implicit hearsay, and related challenges to testimony as well as to the prosecutor's summation (*see, People v Clarke*, 81 NY2d 777), and we decline to review these claims in the interest of justice. Were we to review these claims, we would find that the testimony was properly admitted to complete the narrative and to explain to the jury the actions of the police (*see, People v Browning*, 225 AD2d 340, *lv denied* 88 NY2d 934).

The court properly instructed the jury on the principle of constructive possession. Contrary to defendant's argument, the People did not limit themselves to reliance on the statutory automobile presumption (Penal Law § 265.15 [3]) at any stage of the proceedings. The concept of constructive possession is part of the statutory definition of possession (Penal Law § 10.00 [8]).

The court properly submitted to the jury the applicability of the "cab driver" exception to the automobile presumption as a question of fact, since defendant sought to impute possession of the weapon to the driver and since the evidence raised a question of fact as to the driver's status. In any event, were we to find this instruction erroneous, we would find the error to be harmless. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.