OPINION OF THE COURT
Ellen M. Coin, J.
Defendant is charged with criminal possession of a forged instrument in the third degree (in violation of Penal Law § 170.20) and forgery in the third degree (in violation of Penal Law § 170.05). By omnibus motion he moves, inter alia, for an order dismissing the charges as facially insufficient.
An information is facially sufficient if it contains facts of an evidentiary character tending to support the charges. (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986].) Furthermore, the information must contain nonhearsay allegations which establish, if true, every element of the offense charged and *185 defendant’s commission thereof. (CPL 100.40 [1] [b], [c].) An information which fails to satisfy these requirements is fatally defective. (People v Alejandro, 70 NY2d 133, 139 [1987].)
The complaint alleges that the deponent police officer “observed the defendant displaying on the windshield of defendant’s vehicle” a forged New York State Department of Motor Vehicles Safety/Emission inspection certificate. The complaint alleges as the officer’s bases for determining that the certificate was forged (1) that the expiration date had been changed from March 10, 2002 to August 10, 2002, (2) that the make of the vehicle had been changed to Mazda, (3) that there were erasure marks in the altered portions of the certificate, and (4) that the new information had been written on the certificate in pencil, instead of computer-generated print.
Although defendant moves to dismiss the complaint for facial insufficiency, his moving papers fail to specify any grounds for the motion. However, facial sufficiency is a jurisdictional requirement. (People v Case, 42 NY2d 98, 99 [1977].) Thus, where the court detects reasons for facial insufficiency, it may dismiss the action for those reasons, despite the fact that the defendant did not raise those issues in his motion papers. (People v Lugo, NYLJ, Dec. 14, 1998, at 30, col 5 [Crim Ct, Bronx County].) Upon defendant’s motion and its own review of the information, the court finds the complaint facially insufficient as to both charges.
Criminal Possession of a Forged Instrument in the Third Degree
A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument. (Penal Law § 170.20.)
The instant complaint fails to adequately allege several of these elements. The first such deficiency is its failure to allege facts to demonstrate that defendant possessed the forged instrument.
The term “possess” means “to have physical possession or otherwise to exercise dominion or control over tangible property.” (Penal Law § 10.00 [8].) The term includes actual or constructive possession.[1] (People v Torres, 68 NY2d 677 [1986]; People v Sierra, 45 NY2d 56, 60 [1978]; People v Fernandez, 270 AD2d 91 [1st Dept], lv denied 95 NY2d 834 [2000].) *186 Defendant’s alleged possession of the inspection certificate appears to be predicated upon his possession of the vehicle with the windshield upon which the document was displayed.
The instant complaint contains no factual allegations establishing that defendant possessed the vehicle. It fails to allege any facts demonstrating defendant’s ownership, operation of, or physical relationship to the vehicle. (People v Rivera, 82 NY2d 695 [1993]; People v Velez, 149 Misc 2d 592, 594 [Crim Ct, Kings County 1990]; People v Simmons, 139 Misc 2d 859, 860-861 [Crim Ct, NY County 1988].) Instead, the complaint merely alleges defendant’s possession in conclusory language, by referring to the vehicle as “defendant’s vehicle.” In the absence of factual allegations that defendant possessed the vehicle, there are no facts from which his possession of the certificate on its windshield may be inferred.
The complaint could be construed to adequately allege defendant’s utterance of the certificate, in alleging that he was “displaying” it on the windshield of his vehicle. However, the absence of another requisite element of this crime renders it unnecessary for the court to make this determination.
Critically, the complaint fails to allege any facts from which defendant’s knowledge of the forgery may be inferred. It is well settled that knowledge by the defendant that the instrument is forged is an essential element of this offense. (People v Johnson, 65 NY2d 556, 560 [1985].) Guilty knowledge of forgery may, of course, be shown circumstantially by conduct and events. (Id. at 561.)
One court of coordinate jurisdiction found such circumstantial evidence in allegations of defendant’s driving a car with a forged license plate and with a suspended license. (People v Stephens, 177 Misc 2d 819 [Crim Ct, Kings County 1998].) The court noted the duties imposed upon the operator of a motor vehicle by Vehicle and Traffic Law § 319 (3) and § 401 to possess proper registration and insurance. Thus, the court held, the defendant’s inability to present those documents, together with the improper form of the registration plate and his apparent disregard of the statutory requirement to be properly licensed while operating a vehicle, constituted circumstantial facts from which, if true, it could be inferred that defendant knew the plate was forged. (Id. at 824.)
Here, as in Stephens, there is a statutory requirement for proper documentation: display of a valid certificate of inspection before a vehicle may be parked or operated. (Vehicle and Traffic Law § 306 [b].) However, defendant’s apparent failure to comply with this duty, without more, fails to establish circumstantially his knowledge of the forged nature of the certificate. In the absence of adequate circumstantial evidence *187 to establish this element of the crime, the charge of criminal possession of a forged instrument in the third degree is facially insufficient. (People v Singh, NYLJ, May 11, 1999, at 28, col 1 [Crim Ct, NY County]; People v McCabe, 157 Misc 2d 373 [Crim Ct, Kings County 1993]; cf. People v Fletcher, 29 AD2d 838 [4th Dept 1968] [reversing conviction in the absence of proof from which it might be inferred that defendant knew that a doctor’s prescription was forged].) Accordingly, this charge is dismissed.
Forgery
A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument. (Penal Law § 170.05.) The essence of the crime is the execution of an instrument which is not authentic. (People v Adkins, 236 AD2d 850 [4th Dept], lv denied 90 NY2d 854 [1997].) The complaint fails to allege facts to show that defendant executed the alterations on the inspection certificate. Therefore, this charge is dismissed for facial insufficiency. (People v Pena, NYLJ, Apr. 14, 1997, at 29, col 6 [Crim Ct, Bronx County].)
The People have leave to refile a timely, facially sufficient information. (People v Nuccio, 78 NY2d 102 [1991].)
In light of the dismissal of both charges, defendant’s remaining motions are rendered moot.

. To demonstrate constructive possession, “the People must show that the defendant exercised ‘dominion and control’ over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized.” (People v Martini, 79 NY2d 561, 573 [1992].)