OPINION OF THE COURT
Anthony J. Ferrara, J.
*334 The defendant is charged with criminal possession of a forged instrument in the third degree (Penal Law § 170.20). The information alleges that a police officer recovered a forged Pennsylvania inspection and registration sticker from the front window of a car driven by the defendant. The sticker is allegedly forged because a genuine sticker has a hologram, has clear and bright coloring, and shows the word “VOID” when peeled off the windshield whereas the forgery does not have a hologram, has blurry and dark colors, does not show the word “VOID” when peeled off the windshield and is smaller than the genuine sticker. The defendant also allegedly gave the officer a forged insurance card. The insurance card is allegedly forged because a genuine card has clear writing in regular font while the forged card had blurry and bold font. The information does not state whether the defendant is the owner of the vehicle.
By notice of omnibus motions dated September 22, 2004 and December 20, 2004, the defendant moved to dismiss the information for facial insufficiency, for suppression hearings, and for various other relief. On March 7, 2005, the People consented to hearings on the record but opposed the motion to dismiss. The defendant’s motion to dismiss for facial insufficiency is granted.
In order to be facially sufficient, an information must contain an accusatory part designating the offense or offenses to be charged (CPL 100.15 [1], [2]) and a factual part containing facts of an evidentiary nature supporting or tending to support the charges (CPL 100.15 [1], [3]). The factual allegations, together with any supporting depositions, must provide reasonable cause to believe that the defendant committed the offense charged (CPL 100.40 [1] [b]; [4] [b]; People v Casey, 95 NY2d 354 [2000]). In addition, a sufficient information must also contain nonhearsay allegations in the factual part and/or in any supporting depositions that, if true, establish every element of the offense and the defendant’s commission of the offense (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987]; People v Hall, 48 NY2d 927 [1979]). Conclusory allegations are insufficient (People v Dumas, 68 NY2d 729 [1986]).
Penal Law § 170.20 states: “A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument.” A “forged instrument” is defined as “a written instrument which has been falsely made, completed or altered” (Penal Law § 170.00 [7]). A “written instrument” is “any instrument *335 or article, including computer data or a computer program, containing written or printed matter . . . constituting a symbol or evidence of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person” (Penal Law § 170.00 [1]).
The allegations must demonstrate that the instrument in question was forged, that the defendant possessed the forged instrument, that the defendant knew it was forged and that he intended to deceive, defraud or injure another (People v Rosado, 192 Misc 2d 184 [Crim Ct, NY County 2002]; People v Singh, NYLJ, May 11, 1999, at 28, col 1 [Crim Ct, NY County, Feinman, J.]; People v Olwes, 191 Misc 2d 275, 277 [Crim Ct, Kings County 2002]). Knowledge of the forged nature of the instrument is an essential element of the charge (see People v Johnson, 65 NY2d 556, 560 [1985]; People v DiMauro, 113 AD2d 840, 841 [2d Dept 1985]). Mere possession or negotiation of a forged instrument does not in and of itself establish that the defendant knew that the instrument was forged, though knowledge of the forged nature of the instrument may be established circumstantially through events and conduct (see Johnson at 561; People v Green, 53 NY2d 651, 652 [1981]).
Defendant does not dispute that the registration sticker and the insurance card are forgeries. Instead, defendant argues that because the vehicle he was driving was registered to another, mere possession of the forged sticker affixed to that owner’s vehicle does not impute knowledge of its forged status to the driver. His motion refers to a motor vehicle title as exhibit B, but the exhibit is not attached to the motion papers in the court file. In any event, examination of the vehicle title is not necessary for determination of this motion, because a facial sufficiency determination is limited to factual allegations contained in the information, as well as any supporting depositions (CPL 100.15, 100.40). Defendant also argues that because the insurance card is also in the name of the vehicle’s owner, his handing the card to the officer does not establish knowing possession of a forged instrument.
A factually similar case was decided by the court in People v Stephens (177 Misc 2d 819 [Crim Ct, Kings County 1998]). There, the complaint alleged that a defendant who operated a motor vehicle with a forged license plate failed to produce proof of registration and insurance on demand. The court denied the defendant’s motion to dismiss for facial insufficiency, holding that the allegations gave reasonable cause to believe that he *336 knew the item was forged. The court analyzed the applicable regulatory scheme and took note of the fact that Vehicle and Traffic Law §§ 319 and 401 require proof, on demand, of proper registration and insurance (id. at 824). The court held that because of the State’s interest in regulating motor vehicles, the complaint need not explicitly state how and where the defendant came into possession of the forged instrument to establish guilty knowledge for prima facie purposes. Instead, the People may rely on “inferences which flow naturally from defendant’s failure to comply with the affirmative duty to possess proper documents when operating a motor vehicle,” and that the defendant’s inability to present such documents in their proper form constituted circumstantial evidence from which scienter may be inferred (id.).
This court agrees with the analysis set forth in People v Stephens to the extent that this statutory scheme (Vehicle and Traffic Law §§ 319, 401) imposes obligations on the owner of the vehicle. However, equivalent obligations are not cast upon the driver. Here, the information alleges that the defendant was driving a vehicle with a forged registration sticker. As a driver, unlike a passenger, the defendant is presumed to have dominion and control over the vehicle and responsibility for its operation. It is not reasonable to infer, however, based on the regulatory scheme laid out in the Vehicle and Traffic Law that prohibits an owner from operating a motor vehicle without proper registration, that a driver, who exercises dominion and control of the vehicle, knows the registration sticker was forged. This is especially so where the forgery is not such as to be readily apparent to an average citizen. For example, one could argue that mere possession of a “three dollar bill” would support an inference of knowledge because there is no such thing as a three dollar unit of United States currency. Such an inference might even flow from a New York licensed driver operating a vehicle with a clearly altered New York registration sticker. But, such an argument does not apply to an artful forgery of an unusual item such as a Pennsylvania registration sticker. In this case, the People must allege additional facts to show that the defendant had knowledge that the registration sticker was forged.
In People v Rosado (192 Misc 2d 184 [Crim Ct, NY County 2002]), the court dismissed a complaint for facial insufficiency where it was alleged that the safety emission inspection certificate on the defendant’s vehicle was a forgery without any other allegations from which defendant’s knowledge of the forgery *337 could be inferred. In that case, the information only alleged that it was the “defendant’s vehicle” (at 185), but did not contain allegations as to the defendant’s ownership, operation or physical relationship to the vehicle. Although there was a statutory requirement pursuant to Vehicle and Traffic Law § 306 (b) to display an inspection certificate before parking or operating a vehicle, the court held that “defendant’s apparent failure to comply with this duty, without more, fail[ed] to establish circumstantially his knowledge of the forged nature of the certificate” (id. at 186). This court agrees with the analysis in Rosado.
A different analysis applies to the forged insurance card. Because he was the driver, the defendant had a statutory obligation to present a valid insurance card. The Legislature specifically dealt with a situation such as this one, where a nonowner driver presents an invalid insurance card. Vehicle and Traffic Law § 319 (2) provides:
“When the production of an insurance identification card is required by any provision of this chapter, no person shall produce an insurance identification card which indicates insurance coverage which is not in effect. In any prosecution or proceeding alleging a violation of this subdivision, it shall be an affirmative defense that the person so charged did not have knowledge that the insurance indicated on such card was not in effect. A violation of this subdivision shall be a misdemeanor.”
In casting a special burden on the driver, the Legislature recognized there would be situations where a driver of a borrowed car unknowingly presented an invalid insurance card, and provided the driver with an affirmative defense to prosecution for a Vehicle and Traffic Law violation. However, because there is no similar provision under the Penal Law, in a prosecution for forgery, the complaint must allege a factual basis to show the driver knew or had reason to know that the insurance card was forged (see Penal Law arts 170, 25). Furthermore, there is no basis for the court to infer that the Legislature intended to include a similar benefit in prosecutions under Penal Law § 170.20.
“A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intentionally intended to omit; and the failure of the Legislature to include a matter within *338 the scope of an act may be construed as an indication that its exclusion was intended” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74).
In sum, the statutory scheme set forth in article 170 does not . support an inference of knowledge of a forgery by a driver based upon mere presentment of an invalid insurance card.
Accordingly, defendant’s motion to dismiss for facial insufficiency is granted.