OPINION OF THE COURT
Armando Montano, J.
Defendant is charged with criminal possession of a forged instrument in the third degree (Penal Law § 170.20) and resisting arrest (Penal Law § 205.30).
Defendant moves for an order: (1) dismissing the charge of criminal possession of a forged instrument in the third degree as facially insufficient; (2) suppressing any and all physical evidence seized from defendant, or in the alternative, granting a hearing for findings of fact and conclusions of law (Mapp); (3) suppressing any and all properly noticed statements allegedly made by defendant, or in the alternative, granting a hearing *777 for findings of fact and conclusions of law; (4) precluding the People from introducing at trial evidence of defendant’s prior convictions or bad acts; and (5) granting defendant the right to make additional pretrial motions and the right to amend and/or supplement this motion if made necessary or appropriate by the People’s future disclosure.
The factual allegations in the accusatory instrument sworn to by the deponent, Police Officer Vinicio Garcia, read as follows:
“Deponent states that [on or about July 19, 2015 at approximately 1:20 a.m. in front of 99 Metropolitan Oval, County of the Bronx, State of New York], he observed defendant and separately apprehended DAVID ANDERSON (arrest No. B15642748), acting in concert, in that deponent observed defendant seated in the driver’s seat of a gray 2002 FORD EXPLORER, with a Vehicle Identification Number (VIN) # 1FMDU3E52UC27407, with separately apprehended DAVID ANDERSON seated in the rear passenger seat, and further observed defendant and separately apprehended DAVID ANDERSON to have in their custody and control a temporary New Jersey license plate #490237N, affixed to the rear license plate holder of said vehicle.
“Deponent further states that he examined said temporary license plate and based upon his training and experience in the recognition of counterfeit license plate [s], the aforementioned temporary New Jersey plate [ ] was forged in that, the lettering of said license plate was of erroneous size and font. “Deponent further states that he observed New Jersey Department of Motor Vehicles records which indicates said license plate number and said VIN were not valid.
“Deponent further states that upon attempting to arrest defendant for the aforementioned conduct, defendant flailed his arms, kicked his legs, and twisted his body, refusing to be handcuffed. Deponent further states that thereafter defendant ran away from deponent to avoid being apprehended. “Deponent further states that while attempting to arrest defendant for the aforementioned conduct, separately apprehended DAVID ANDERSON entered the driver’s seat of the aforementioned vehicle, and drove off with said vehicle.”
*778 Defendant argues that the charge of criminal possession of a forged instrument in the third degree (Penal Law § 170.20) should be dismissed as facially insufficient as the complaint fails to set forth adequate facts of an evidentiary character to establish that he had knowledge that the temporary license plate was forged. Defendant asserts that where, as here, the forged nature of the instrument is not readily apparent to the average citizen, the People must allege additional facts to demonstrate that he possessed the requisite knowledge of the forged nature of the temporary license plate.
In opposition, the People point out that defendant was observed driving a motor vehicle without a driver’s license or a valid registration. As noted in People v Stephens (177 Misc 2d 819 [Crim Ct, Kings County 1998]), the People aver that the statutory duties to possess a valid driver’s license and vehicle registration coupled with the possession of the alleged forged instrument constitute sufficient circumstantial evidence from which to infer that defendant knew of the forged nature of the temporary license plate. Based on the foregoing, the People argue that defendant’s motion to dismiss count one should be denied in its entirety.
It is well settled that an accusatory instrument must contain facts of an evidentiary nature that support or tend to support the crimes charged (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986]) and contain nonhearsay allegations that establish, if true, every element of the crimes charged (CPL 100.40 [1] [c]). Further, an accusatory instrument must provide reasonable cause to believe that the defendant committed the crimes charged. (CPL 100.40 [1] [b]; Dumas, 68 NY2d 729.) Reasonable cause to believe that a defendant committed the crimes charged “exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].) “In order for the reasonable cause standard to be met, the factual portion of the accusatory instrument must describe conduct that constitutes the crime charged.” (People v Hightower, 18 NY3d 249, 254 [2011].)
In reviewing an accusatory instrument for facial sufficiency, the court must assume the truth of the factual allegations and *779 consider all favorable inferences drawn therefrom. (CPL 100.40, 100.15; People v Mellish, 4 Misc 3d 1013[A], 2004 NY Slip Op 50869[U] [Crim Ct, NY County 2004].) The facts alleged need only establish the existence of a prima facie case, even if those facts would be insufficient to establish guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103 [1986].) “The law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged.” (People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept, 2d & 11th Jud Dists 2005] .) As such, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].)
“A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument.” (Penal Law § 170.20.) A “forged instrument” is defined as “a written instrument which has been falsely made, completed or altered.” (Penal Law § 170.00 [7].) A “written instrument” is defined as
“any instrument or article . . . containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person.” (Penal Law § 170.00 [1].)
Therefore, to be facially sufficient, the allegations set forth in the accusatory instrument must establish that the defendant possessed a forged instrument, that the defendant knew the instrument was forged and that he intended to deceive, defraud or injure another. (See People v Roa, 8 Misc 3d 333 [Crim Ct, NY County 2005]; People v Rosado, 192 Misc 2d 184 [Crim Ct, NY County 2002].)
It is undisputed that “[t]he mere negotiation or utterance of a forged instrument cannot, of itself, establish a presumption that [a] defendant had knowledge of the forged nature of the instrument.” (People v Johnson, 65 NY2d 556, 561 [1985]; see also People v Green, 53 NY2d 651, 652 [1981]; Roa, 8 Misc 3d at 337.)
*780 “[W]hen the difference between a forged instrument and a genuine instrument ... is not readily apparent to a layperson, it is impermissible to infer guilty knowledge unless the People allege additional facts . . . such as the circumstances surrounding the defendant’s possession or whether the defendant engaged in any affirmative acts with [the alleged forged instrument].” (People v Hellwig, 18 Misc 3d 1143[A], 2008 NY Slip Op 50417[U], *2 [Crim Ct, NY County 2008].)
This court finds that the People’s reliance on Stephens is misplaced since the facts herein are dissimilar. In Stephens, the defendant was accused of operating a motor vehicle with a forged license plate and a suspended license. In finding the complaint to be facially sufficient, the court held that the defendant’s inability to produce on demand proof of registration and insurance in contravention of Vehicle and Traffic Law §§ 319 and 401 coupled with the alleged forged license plate and his disregard of the statutory requirement to be duly licensed constituted circumstantial proof of defendant’s scienter. But, there are no allegations contained in the instant complaint which indicate that defendant was unable to produce a driver’s license or proof of registration to the police officer.
The court in Roa agreed with the analysis set forth in Stephens to the extent that the statutory scheme of Vehicle and Traffic Law §§ 319 and 401 imposes duties upon the owner of a motor vehicle. The court explained that
“[a]s a driver, unlike a passenger, the defendant is presumed to have dominion and control over the vehicle and responsibility for its operation. It is not reasonable to infer, however, based on the regulatory scheme laid out in the Vehicle and Traffic Law that prohibits an owner from operating a motor vehicle without proper registration, that a driver, who exercises dominion and control of the vehicle, knows the registration sticker was forged.” {Id. at 336.)
Here, defendant was observed driving a motor vehicle with an alleged forged temporary license plate affixed to the rear of the motor vehicle. After Officer Garcia concluded that the temporary license plate was forged, defendant attempted to flee the scene in an effort to avoid being arrested. As in Roa, there are no facts alleged to establish that defendant was anything more than the operator of the motor vehicle. Although *781 every driver is required under Vehicle and Traffic Law § 401 (4) to produce upon demand proof of registration along with any other information needed for the identification of the motor vehicle and its owner, the statute imposes no duty upon a driver, who is not the owner of the motor vehicle, to ensure that the motor vehicle he or she is driving is properly registered. This court cannot reasonably infer from the mere fact that defendant was operating the motor vehicle that he knew that the temporary license plate affixed to the rear of said vehicle was forged.
Further, the complaint alleges that Officer Garcia, based upon his training and experience in the identification of counterfeit license plates, believed the license plate was forged because the lettering was of different font and size. While a blatantly altered temporary license plate may support an inference that defendant knew of its forged nature, it cannot be said that the forged nature of the instant temporary license plate was readily apparent to the average citizen so as to impute knowledge of the forgery.
However, defendant also allegedly resisted being handcuffed by flailing his arms, kicking his legs, and twisting his body. Defendant then ran away from Officer Garcia in order to avoid being apprehended. Evidence of flight has long been accepted and admissible as circumstantial evidence of a defendant’s guilt. (People v Yazum, 13 NY2d 302 [1963]; People v Reddy, 261 NY 479 [1933]; People v Ogle, 104 NY 511 [1887]; People v Bryant, 60 AD2d 810 [1st Dept 1978].) “To be admissible, evidence of flight need not be unequivocal or exclude every possible innocent motive. Ambiguities or explanations tending to rebut an inference of guilt may be introduced as a part of the defense rather than to render the evidence inadmissible.” (People v Fama, 212 AD2d 542, 543 [2d Dept 1995] [citations omitted].)
Since defendant may have fled for a whole host of reasons, unrelated to the forged temporary license plate, evidence of flight is generally “of slight value, and of none whatever unless there are facts pointing to the motive which prompted it.” (People v Florentino, 197 NY 560, 567 [1910].) Nonetheless, when the factual allegations set forth in the accusatory instrument are read in the light most favorable to the People, this court finds that defendant’s act of running away from the arresting officer provides circumstantial proof of his guilt, i.e., defendant knew of the forged nature of the temporary license plate.
*782 Accordingly, defendant’s motion to dismiss count one, criminal possession of a forged instrument in the third degree (Penal Law § 170.20), is denied.
Motion to Suppress Physical Evidence
Defendant moves to suppress any and all physical evidence seized in this case on the grounds that such evidence was seized in violation of his constitutional rights. In the alternative, defendant requests a hearing to determine the admissibility of such evidence.
Defendant asserts that on July 19, 2015 at approximately 1:20 a.m., he was inside a motor vehicle when he was approached by the police. Defendant denies engaging in any conduct which might reasonably have aroused police suspicion, such as being in possession of a weapon or contraband in plain view. Defendant also asserts that the forged nature of the temporary license plate was not readily apparent. Consequently, defendant argues that all physical evidence seized must be suppressed as the tainted fruit of an unlawful arrest.
In opposition, the People argue that this branch of defendant’s motion should be summarily denied for his failure to raise an issue to be determined at a hearing. Contrary to defendant’s denial of wrongdoing, the People assert that defendant was observed by Officer Garcia operating a motor vehicle with a forged license plate affixed to the rear of the motor vehicle. Based upon Officer Garcia’s training and experience, he reasonably believed that the license plate was forged and lawfully stopped defendant to inquire about the license plate. After stopping defendant, the People assert that Officer Garcia arrested defendant following all proper procedures.
A motion to suppress evidence “must state the ground or grounds of the motion and must contain sworn allegations of fact.” (CPL 710.60 [1].) A motion to suppress must be summarily granted where the defendant alleges a legal ground warranting suppression and the People concede the truth of the factual allegations. (CPL 710.60 [2] [a].) A court may summarily deny a motion to suppress if the defendant fails to allege a proper legal basis for suppression or if the “sworn allegations of fact do not as a matter of law support the ground alleged.” (CPL 710.60 [3] [b].) “[T]he sufficiency of [the] defendant’s factual allegations should be evaluated by (1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) [the] defendant’s access to information.” (People *783 v Mendoza, 82 NY2d 415, 426 [1993].) However, even if the defendant’s factual allegations are deficient, summarily denying a motion to suppress is disfavored. In Mendoza (82 NY2d at 429-430) the Court of Appeals explained:
“The CPL does not mandate summary denial of defendant’s motion even if the factual allegations are deficient. . . . If the court orders a Huntley or Wade hearing, and defendant’s Mapp motion is grounded in the same facts involving the same police witnesses, the court may deem it appropriate in the exercise of discretion to consider the Mapp motion despite a perceived pleading deficiency. Indeed, considerations of judicial economy militate in favor of this procedure; an appellate court might conclude that summary denial of the Mapp motion was improper, requiring the parties and witnesses to reassemble for a new hearing, often months or years later.”
A stop of a motor vehicle without probable cause constitutes a legal basis for the suppression of physical evidence. “When the validity of a warrantless arrest is challenged, the presumption of probable cause disappears and the People bear the burden of coming forward with evidence showing that it was supported by probable cause.” (People v Chaney, 253 AD2d 562, 564 [3d Dept 1998].) Defendant was arrested based upon the purported personal observations of criminality by the arresting officer. Defendant’s denial of any wrongdoing challenges the facts relied upon by the arresting officer to establish probable cause. Therefore, this court finds that defendant’s moving papers are “minimally sufficient” to warrant a hearing on the issue of suppression. (See People v Harris, 160 AD2d 515, 515 [1st Dept 1990].) Thus, defendant’s request for a Mapp/ Dunaway hearing is granted.
Motion to Suppress Statements
Defendant moves to suppress the statements he allegedly made because such evidence was obtained illegally. Defendant argues that (1) the statements were involuntary within the meaning of CPL 60.45; (2) he was not advised of his Miranda rights; and (3) the statements are the tainted fruit of an unlawful arrest. In the alternative, defendant requests a hearing to determine whether the statements should be suppressed.
Due to defendant’s deficient showing, the People ask this court to summarily deny this branch of defendant’s motion in *784 its entirety. However, should a Huntley hearing be ordered, the People request the scope of the hearing to be limited, since there is no probable cause issue with respect to defendant’s statements and defendant has failed to raise an issue of fact regarding the issue of probable cause.
One exception to a court’s authority to summarily deny a pretrial suppression motion for inadequate factual allegations relates to motions to suppress involuntarily made statements. (People v Huntley, 259 AD2d 843 [3d Dept 1999].) Since defendant claims that his statements were made involuntarily pursuant to CPL 60.45, a Huntley hearing must be held to determine the admissibility of said statements. As such, defendant’s motion for a Huntley hearing is granted.
Statements that are voluntarily made under the Fifth Amendment are not admissible at trial if the statements were the fruits of an illegal arrest without probable cause. (Brown v Illinois, 422 US 590 [1975].) Therefore, even if defendant’s alleged statements are determined to have been made voluntarily under the Fifth Amendment, it would not “purge the primary taint” of a violation of the Fourth Amendment, and as such, defendant’s statements must be considered along with any other evidence he seeks to have suppressed. (Id. at 597.) In the interest of judicial economy and in light of the fact that the branch of defendant’s motion seeking a Dunaway hearing “is grounded in the same facts [and] involv[es] the same police witnesses” as the Mapp hearing (Mendoza, 82 NY2d at 429), defendant’s motion for a Dunaway hearing is granted and combined with the Huntley hearing.

Sandoval/Molineux/Ventimiglia

Defendant requests and the People consent to disclosure of defendant’s past criminal history and/or prior bad or immoral acts which the People intend to use at trial and a pretrial hearing pursuant to People v Sandoval (34 NY2d 371 [1974]), People v Molineux (168 NY 264 [1901]), and People v Ventimiglia (52 NY2d 350 [1981]).
Defendant’s motion for an order precluding the People from introducing evidence of his prior convictions and/or bad acts is respectfully referred to the trial judge.
Future Motions
Defendant’s reservation of right to file further motions is unauthorized pursuant to CPL 255.20 (3). Any future motions shall be summarily denied absent a showing of good cause.
*785 Accordingly, defendant’s motion to dismiss the charge of criminal possession of a forged instrument in the third degree as facially insufficient is denied. Defendant’s motion for a Mapp/Dunaway hearing is granted. Defendant’s motion for a Huntley ¡Dunaway hearing is granted. Defendant’s motion for a Sandoval/Molineux/Ventimiglia hearing is respectfully referred to the trial judge. Defendant’s request to file additional motions is denied subject to rights under CPL 255.20 (3) to move for further leave upon good cause shown.