People v Rodriguez (2023 NY Slip Op 01535)

People v Rodriguez

2023 NY Slip Op 01535

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-05090
 (Docket No. 25019/18)

[*1]The People of the State of New York, respondent,
v
Brandon S. Rodriguez, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter and Martin Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Jaedon J. Huie of counsel; Christopher M. Ciccolini on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered January 14, 2020, convicting him of criminal possession of a forged instrument in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, the count of the misdemeanor information charging the defendant with criminal possession of a forged instrument in the third degree is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
The defendant was charged in a misdemeanor information, inter alia, with criminal possession of a forged instrument in the third degree, a class A misdemeanor. Thereafter, he pleaded guilty to criminal possession of a forged instrument in the third degree and was sentenced, as promised, to one day in jail, with credit for time served.
"To be facially sufficient, an information must set forth nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof and which supply [the] defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Wheeler, 34 NY3d 1134, 1135 [citations and internal quotation marks omitted]; see CPL 100.40[1]; People v Kalin, 12 NY3d 225, 228-230).
The People bear the burden of making a "prima facie case for the offense charged in the text of [an] information" (People v Jones, 9 NY3d 259, 261). "Unlike misdemeanor or felony complaints, which do not require such a showing in an accusatory instrument, the prima facie requirement is specific to informations" (People v Jones, 9 NY3d at 261-262; cf. CPL 100.40[4]).
"Failure to assert sufficient nonhearsay factual allegations is a jurisdictional defect" (People v Jones, 9 NY3d at 262, citing People v Alejandro, 70 NY2d 133, 134-135), and "may be challenged on appeal even though a defendant never raised the alleged insufficiency prior to entering a guilty plea" (People v Kalin, 12 NY3d at 229).
"[S]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (id. at 230 [internal quotation marks omitted]; see People v Smalls, 26 NY3d 1064, 1066).
As relevant here, the misdemeanor information alleged that a New York City police officer observed the defendant standing outside of a vehicle, that the defendant owned and operated the vehicle, that a "forged Texas buy tag" was affixed to the vehicle, and that the officer concluded that the tag was forged based on "his training in the detection and identification of forged instruments." The information further alleged, without elaboration, that the officer "examined a copy of the records of Z-finest," which were made in the regular course of business, and these records showed that the "forged document is not associated with any vehicle."
"A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he [or she] utters or possesses a forged instrument" (Penal Law § 170.20). "The mere negotiation or utterance of a forged instrument cannot, of itself, establish a presumption that defendant had knowledge of the forged nature of the instrument" (People v Johnson, 65 NY2d 556, 561; see People v Brousseau, 149 AD3d 1275, 1277).
Where, as here, an allegation "involves a conclusion drawn by a police officer that involves the exercise of professional skill or experience, some explanation concerning the basis for that conclusion must be evident from the accusatory instrument" (People v Jackson, 18 NY3d 738, 746, citing, inter alia, People v Kalin, 12 NY3d 225; see People v Sans, 26 NY3d 13, 18).
Here, the information failed to include sufficient factual allegations regarding the basis for the officer's conclusion that the "Texas buy tag" was forged. Mere reliance on "his training in the detection and identification of forged instruments" is insufficient. Although the officer made reference to the use of "Z-finest," he did not explain what "Z-finest" is or how it helped him determine that the tag was forged. Further, he did not explain or describe the Texas "buy tag." These allegations are too conclusory to meet the prima facie case requirement on the issue of whether the buy tag was a forgery (cf. People v Jackson, 18 NY3d at 746; People v Thorne, 50 Misc 3d 775, 776-777 [Crim Ct, Bronx County]).
Further, even assuming that the information sufficiently alleged that the buy tag was a forgery, the information failed to provide sufficient factual allegations to "establish a presumption that [the] defendant had knowledge of the forged nature of the instrument" (People v Johnson, 65 NY2d at 561; see People v Brousseau, 149 AD3d at 1277).
Accordingly, the judgment must be reversed, the plea vacated, and the misdemeanor information dismissed. The defendant has already served his sentence and, under the circumstances of this case, we decline to remit the matter for further proceedings on the information (see People v Flynn, 79 NY2d 879, 882; People v Siminions, 112 AD3d 974, 975).
The matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50, including a determination of whether the record should be sealed.
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court