■ In the Matter of BRIAN E., a Person Alleged to be a Juvenile Delinquent, Appellant. MARCIA HELLER, as Assistant Sullivan County Attorney, Respondent. [614 NYS2d 626] —Mercure, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered November 1, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Petitioner filed a petition alleging that respondent and an accomplice stole $1,800 from respondent's foster mother, an act which, if committed by an adult, would constitute grand larceny in the fourth degree (see, Penal Law § 155.30 [1]), a class E felony. Following a fact-finding hearing at which respondent's foster mother testified that the money had been stolen from a locked box in her bedroom and that, when confronted, respondent admitted his participation in the theft, Family Court found that petitioner had established respondent's commission of the lesser included offense of petit larceny beyond a reasonable doubt. Following a dispositional hearing, respondent was found to be a juvenile delinquent, placed on probation for two years and ordered to pay restitution of $1,500. Respondent now appeals.

We agree with respondent's initial contention that Family

Court erred in summarily denying his motion to suppress allegedly involuntary statements made to his foster mother. In contrast to a motion to suppress tangible evidence *(see, Mapp v Ohio,* 367 US 643) or evidence obtained as the fruit of an unlawful seizure *(see, Dunaway v New York,* 442 US 200), where a suppression hearing will be conducted only if the motion is supported by sufficient factual allegations *(see,* CPL 710.60 [3] [b]), a *Huntley* hearing must be conducted upon a respondent's mere claim that his statement was involuntary *(see, People v Weaver,* 49 NY2d 1012; *People v Knights,* 124 AD2d 935; *see also, People v Mendoza,* 82 NY2d 415, 421-422; *cf., Matter of Kurt EE.,* 199 AD2d 945, 947). Further, unlike former practice *(see, Matter of Daniel Richard D.,* 27 NY2d 90, 95-96, *appeal dismissed, cert denied sub nom. D. v County of Onondaga,* 403 US 926), suppression hearings in juvenile delinquency proceedings are now to be conducted prior to the fact-finding hearing whenever possible (Family Ct Act § 330.2 [3]; *see,* Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 330.2, at 412). Finally, the fact that respondent's foster mother may not be "a public servant engaged in law enforcement activity" or one acting under the direction of or in cooperation with such a person (Family Ct Act § 344.2 [2] [b]; *see, Matter of Stanley C.,* 116 AD2d 209, *appeal dismissed* 70 NY2d 667) is not dispositive of the issue. The claims made in respondent's omnibus motion brought the matter within the ambit of Family Court Act § 344.2 (2) (a), which provides that a statement is involuntarily made if obtained "by *any* person" by the use of, *inter alia,* "any * * * improper conduct or undue pressure which impaired the respondent's physical or mental condition to the extent of undermining his ability to make a choice whether or not to make a statement" (emphasis supplied).

Under the circumstances, the appropriate remedy is to hold the appeal in abeyance and remit the matter to Family Court for a hearing on the issue of the voluntariness of respondent's statements to his foster mother *(see, People v Grillo,* 176 AD2d 346).

Mikoll, J. P., Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the decision is withheld, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision.