■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA BEDELL, Appellant. [650 NYS2d 760] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered December 8, 1994, convicting him of attempted manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was for a hearing pursuant to *Dunaway v New York* (442 US 200), and the denial, after a *Huntley* hearing *(see, People v Huntley,* 15 NY2d 72) (Barasch, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

As part of his omnibus motion the defendant sought a hearing pursuant to *Dunaway v New York* (442 US 200, *supra),* on the ground that the police did not have probable cause to arrest him and therefore his subsequent statements to the police should be suppressed. In his motion papers the defendant alleged facts that placed him at the scene of the crime and which constituted an admission that he had struggled with the victim. The defendant did not deny that he shot the victim nor did he contradict the information in the CPL 710.30 notice disclosed to him by the People. That information included the pre-arrest identification of him as the perpetrator and his admission that he had pulled out a gun. In consequence, the defendant failed to raise any issues of fact requiring a hearing. The summary denial of his motion was, therefore, not an improvident exercise of the hearing court's discretion *(see, People v Mendoza,* 82 NY2d 415).

The defendant's contention that the court improperly curtailed his cross-examination of the People's witness at the *Huntley* hearing *(see, People v Huntley,* 15 NY2d 72, *supra),* and of his two children, who testified against him at trial, is without merit. His contention is belied by the record, which indicates that defense counsel repeatedly asked the questions he now claims were curtailed by the court. In any event, the questions were largely irrelevant as well as repetitious.

Also unavailing is the defendant's contention that he was prejudiced when he was obliged to approach the Bench for side-bar conferences while being escorted by two court officers *(see, People v Pondexter,* 88 NY2d 363).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80, 85). Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.