■ The People of the State of New York, Respondent, v Kerry Huntley, Appellant. [687 NYS2d 747] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered March 6, 1997, upon a verdict convicting defendant of the crimes of robbery in the first degree (two counts) and robbery in the second degree (two counts).

Defendant was charged in an indictment with two counts each of robbery in the first degree and robbery in the second degree arising from an armed robbery which occurred at a convenience store in the City of Schenectady, Schenectady County, in March 1996 (*see,* Penal Law § 160.15 [2], [4]; § 160.10 [1], [2]). Defendant was convicted on all counts of the indictment following a jury trial at which defendant's accomplices, Alexander Marcano and George Rodriguez, testified that defendant planned and actively participated in the robbery. Marcano and Rodriguez, who both pleaded guilty to robbery in the first degree, testified that while defendant remained in the car, they entered the store wearing ski masks and carrying .22-caliber sawed-off rifles, and demanded money from the store clerk. Marcano fired shots, grazing the clerk's head. They grabbed cash from the register, exited the store and defendant drove them away; they then divided the money three ways. The day

after the robbery, Rodriguez was arrested for possession of one of the firearms and he implicated defendant. A Federal Drug Enforcement Agency informant also testified that following Rodriguez's arrest, defendant and Marcano told him of their respective roles in the robbery and he gave them a ride to New York City to avoid police. On their return trip, the informant's car was pulled over in Albany County and defendant was arrested on drug charges. Marcano was later arrested and he gave police a statement implicating defendant as the driver of the getaway car. At the time of defendant's release on his own recognizance on the Albany County drug charges, Schenectady Police Detective Robert McHugh informed defendant's attorney of his intent to question defendant regarding the robbery. Defendant conferred with counsel and was then taken to the Schenectady police station where he gave oral and written statements to McHugh admitting that he drove the getaway car but denying knowledge that Marcano and Rodriguez intended to commit the robbery. Defendant so testified at trial. Upon his conviction on all counts, defendant was sentenced as a second felony offender to concurrent terms of imprisonment, the maximum of which is 25 years. Defendant now appeals.

Defendant claims that County Court erred in denying his request for a *Dunaway* hearing (*see, Dunaway v New York*, 442 US 200); the court's denial was based upon the insufficiency of defendant's factual allegations in support of the hearing request. Notably, defendant did not request a *Dunaway* hearing in his omnibus motion. As part of his *Huntley* hearing request, in which he moved to suppress his statements to police, defendant made the conclusory allegation that his statements "were the product and direct result of an illegal stop and detention of the [d]efendant without probable cause". During the course of the *Huntley* hearing defendant moved for a *Dunaway* hearing, contending, as he now argues on appeal, that he need not make specific factual allegations to support his request for a hearing under *Dunaway* because his motion falls within the exception embodied in CPL 710.60 (3) (b). Specifically, defendant argues that since he made a motion under *Dunaway* and *Huntley* to suppress his statements as taken in violation of his constitutional rights as set forth in CPL 60.45 (2) (b) (ii), i.e., without probable cause, his *Dunaway* hearing request is governed by the CPL 710.60 (3) (b) exception from the requirement for sworn allegations of fact (*see,* CPL 710.20 [3]). We disagree.

Generally, pretrial suppression motions must state the legal ground for the motion and contain sworn allegations of fact

(*see*, CPL 710.60 [1]). If defendant's motion is deficient in either respect the court may summarily deny it (*see*, CPL 710.60 [3]). The two exceptions to the court's authority to summarily deny a suppression motion for inadequate factual allegations relate to motions to suppress statements as involuntarily made (*People v Huntley*, 15 NY2d 72) or an identification stemming from an improper procedure (*United States v Wade*, 388 US 218), for which a defendant must be granted a hearing on the simple claim of involuntariness or impropriety (*see*, CPL 710.60 [3], [6]; 710.20 [3], [6]; *see also*, *People v Mendoza*, 82 NY2d 415, 421-422). In contrast, a motion to suppress evidence such as defendant's statements obtained as the alleged fruit of an unlawful arrest without probable cause (*see*, *Dunaway v New York*, *supra*)—like a motion to suppress tangible evidence (*see*, *Mapp v Ohio*, 367 US 643)—may be summarily denied without a hearing if not supported by sufficient factual allegations (CPL 710.60 [3] [b]; *see*, *People v Mendoza*, *supra*, at 422; *People v Rosario*, 245 AD2d 151, 151-152, *lv denied* 91 NY2d 896; *People v Daniger*, 227 AD2d 846, 847, *lv denied* 88 NY2d 1020; *People v Toxey*, 220 AD2d 204, 205, *lv denied* 88 NY2d 855; *Matter of Brian E.*, 206 AD2d 665, 666). In view of defendant's failure to raise any issue of fact requiring a hearing on the issue of the lawfulness of his arrest, even when afforded a belated opportunity to do so, the summary denial of the motion without a hearing was not an improvident exercise of County Court's discretion (*see*, *People v Mendoza*, *supra*, at 426; *People v Bedell*, 233 AD2d 518, *lv denied* 89 NY2d 1088).

Defendant further contends that his custodial statements to Schenectady police were coerced and rendered involuntary, as induced by McHugh's promise to inform the prosecutor if defendant cooperated in the investigation, implying that such cooperation would be beneficial to defendant. The *Huntley* hearing testimony reveals that, after defendant was taken to the police station, he was read his *Miranda* rights and thereafter read and signed a written acknowledgment waiving them. Defendant first gave an oral statement and then signed a written statement. The record supports the conclusion that defendant never attempted to stop the questioning, never asked for counsel and was not subjected to threats or coercive measures of any kind. In our view, the promise regarding defendant's cooperation did not constitute coercion or create a substantial risk that defendant might falsely incriminate himself (*see*, CPL 60.45 [2] [b] [i]; *see also*, *People v Tarsia*, 50 NY2d 1, 11; *People v Williamson*, 245 AD2d 966, 968, *lv denied* 91 NY2d 946; *People v Bulger*, 52 AD2d 682). Significantly, McHugh did not promise defendant that he would not be prosecuted or that he

would receive lenient treatment (*see, People v Williamson, supra,* at 968). Upon our consideration of the totality of the circumstances, we conclude that the People proved beyond a reasonable doubt that defendant's statements were in all respects voluntary (*see, People v Anderson,* 42 NY2d 35, 38-39). Accordingly, the suppression motion was properly denied.

Next, viewing the evidence in the light most favorable to the prosecution and giving them the benefit of every favorable inference, as we must (*see, People v Harper,* 75 NY2d 313, 316-317; *People v Contes,* 60 NY2d 620, 621), we further conclude that there was sufficient evidence to lead a rational trier of fact to determine that the People satisfied their proof and burden requirements for every element of the crimes charged so as to support the convictions (*see, People v Bleakley,* 69 NY2d 490, 495; *see also, People v Cabey,* 85 NY2d 417, 420). At trial, there was abundant evidence aside from the accomplices' testimony tending to connect defendant with the commission of the robbery to satisfy the requirements of CPL 60.22 (*see, People v Hadden,* 210 AD2d 546, 547, *lv denied* 85 NY2d 910). Moreover, the testimony of the prosecution's witnesses, if accepted as true, provides legally sufficient evidence of the elements of each of the robbery charges, establishing defendant's guilt of these charges under an accomplice theory beyond a reasonable doubt (*see, People v Cabey, supra,* at 420; *see also,* Penal Law § 20.00).

Further, reviewing the evidence in a neutral light to make an independent determination of the relative probative value of inferences that may be drawn from the testimony (*see, People v Bleakley, supra,* at 495; *People v Jefferson,* 248 AD2d 815, 817, *lv denied* 92 NY2d 926), we readily conclude that the jury verdict was not against the weight of the evidence.

Finally, in view of defendant's role in initiating this robbery and his criminal history cited in his unfavorable presentence report, we do not find the existence of extraordinary circumstances or that the trial court abused its discretion in sentencing defendant as a second felony offender to the maximum concurrent terms of imprisonment on each of the four counts, all of which were violent felony offenses. Accordingly, the sentence will not be disturbed (*see,* Penal Law § 70.02 [1] [a], [b]; § 70.06 [6] [a], [b]; *see also, People v Yusufi,* 247 AD2d 648, 651, *lv denied* 92 NY2d 863; *People v Kenny,* 175 AD2d 404, 407, *lv denied* 78 NY2d 1012).

We have examined defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be without merit.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.