*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                    105024
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

THOMAS E. GEORGE,
                    Appellant.
_____

Calendar Date:   March 27, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Michael P. Graven, Owego, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Jordan J. Yorke of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered February 21, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

        Following an uncontested traffic stop of a vehicle in which defendant was a passenger, defendant was indicted for criminal possession of a controlled substance in the third degree.  After County Court denied his motion to suppress a statement made following his arrest, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the fifth degree and was sentenced to a prison term of three years with 1½ years of postrelease supervision.

On appeal, defendant argues that County Court erred in failing to suppress his statement and that the physical evidence obtained during the search of his person at the police station should have been suppressed. We first observe that defendant's challenge to County Court's denial of his suppression motion survives his guilty plea (see CPL 710.70 [2]). During the suppression hearing, the arresting officer, Christopher Osiecki, testified that the driver of the vehicle jumped out and began yelling at the officer and then began to cry. The driver then informed Osiecki that the two passengers might be involved in drug activity. With the driver's consent, the vehicle was searched, but no drugs were found. After defendant consented to a search of his person, Osiecki found a clear plastic baggie in defendant's jacket pocket containing a substance that tested positive for cocaine at the scene. At this point, defendant was handcuffed, placed under arrest and transported to the police station in a patrol car by officer Joseph Rudnick. Notably, the other passenger informed Osiecki and Rudnick that defendant might have additional drugs in his anal cavity. Rudnick had previously arrested defendant and knew that defendant and the other passenger were "close associates."

The People concede that, by this time, defendant was in custody and that no Miranda warnings had been given. Rudnick testified that, during the transport, defendant directed several profane comments at him upon learning that the field test was positive. After informing defendant that processing at the station would include a further search of his person and inventory of his property, Rudnick continued by stating, "I hope . . . you don't have anything else — any other narcotics on your person," to which defendant replied with the statement at issue on this appeal, "no, I probably do." A strip search ensued at the station, where it was confirmed that defendant had concealed a plastic bag in his rectum containing multiple packets of cocaine. County Court found that defendant removed the bag at the request of the officer, and that there was no physical contact between defendant and the officer conducting the search (compare People v Nicholas, 125 AD3d 1191, 1192 [2015]).

The admissibility of a statement made by a defendant in custody depends on whether it was "the product of 'express

questioning or its functional equivalent'" (People v Bryant, 59 NY2d 786, 788 [1983], quoting Rhode Island v Innis, 446 US 291, 300-301 [1980]). The operative question is whether, in context, "the officer should have known that his statement was 'reasonably likely to evoke an incriminating response from the suspect'" (People v Huffman, 61 NY2d 795, 797 [1984], quoting Rhode Island v Innis, 446 US at 301; see People v Ferro, 63 NY2d 316, 322-323 [1984], cert denied 472 US 1007 [1985]). In our view, County Court erred in concluding that the inculpatory statement was admissible because it was simply a spontaneous response to a declaration by Rudnick. For a statement to be spontaneous, it must be self-generated without "inducement, provocation, encouragement or acquiescense, no matter how subtly employed" (People v Maerling, 46 NY2d 289, 302-303 [1978]; see People v Rivers, 56 NY2d 476, 479 [1982]). Coming on the heels of Rudnick's explanation that defendant would be searched as part of the booking process, and having been informed by the passenger that defendant may have hidden additional drugs on his person, we find Rudnick's statement to be the functional equivalent of a question intended to elicit an incriminating response (see People v Ferro, 63 NY2d at 323-324; People v Lucas, 53 NY2d 678, 680 [1981], cert denied 474 US 911 [1985]; People v Tavares-Nunez, 87 AD3d 1171, 1173 [2011], lv denied 19 NY3d 1105 [2012]; compare People v Huffman, 61 NY2d at 797). Since defendant was in custody and had not been given Miranda warnings, the statement should have been suppressed as involuntary.

As a consequence, defendant maintains that the cocaine seized from his person during the strip search must also be suppressed. Generally, a pretrial suppression motion must contain sworn allegations of fact supporting the grounds raised, except where the motion seeks to suppress an involuntary statement or identification stemming from an improper procedure (see CPL 710.60 [1]; People v Huntley, 259 AD2d 843, 844-845 [1999], lv denied 93 NY2d 972 [1999]). In his omnibus motion, defendant moved for a Huntley hearing to suppress the statement, but no request was made for a Mapp hearing to suppress the cocaine seized at the police station. The People consented to a Huntley hearing, but at the commencement of that hearing the People informed County Court that defendant had just advised that he was also seeking a Mapp hearing. In response, County Court

observed that the relevant inquiry involved "a suppression Fourth Amendment search and seizure issue with some statements/Huntley issues intertwined."  At defendant's request, the hearing proceeded on that basis.[1]

Given that a full Huntley/Mapp hearing was conducted, we find that the Mapp issue has been preserved for our review (compare People v Huntley, 259 AD2d at 845).  That being said, we also find that the cocaine was not seized as a direct result of the suppressed statement (compare People v Paulin, 25 NY2d 445, 450-451 [1969]; People v Ross, 88 AD2d 729, 729 [1982]).  Here, the arresting officer knew that defendant had been involved with drugs in the past, the vehicle was stopped in an area known for drug trafficking, the driver's behavior was erratic and he told the police that the passengers might be involved in illegal drug activity, defendant was found in possession of cocaine at the scene that he claimed was crushed aspirin, and the other passenger indicated that defendant may have concealed drugs in his rectum.  These circumstances provided the police with a reasonable and articulable factual basis to conduct a strip search at the station, independent of the suppressed statement (see People v Hall, 10 NY3d 303, 308-309 [2008], cert denied 555 US 938 [2008]; People v Cogdell, 126 AD3d 1136, ___, 2015 NY Slip Op 02023, *3 [2015]; People v Kelley, 306 AD2d 699, 700-701 [2003], lv denied 1 NY3d 598 [2004]).  Nor does defendant raise any issue as to the reasonableness of how the search was conducted.  As such, we find no basis to suppress this evidence.  However, given that County Court erred in denying defendant's motion to suppress the postarrest statement, defendant's judgment of conviction must be reversed and the matter remitted for further proceedings (see People v Bradshaw, 76 AD3d 566, 572-573 [2010], affd 18 NY3d 257 [2011]; People v Leonard, 119 AD3d 1237, 1240-1242 [2014, Lynch, J., dissenting]).

_____

[1]  The People reserved the right to submit a posthearing brief, in which they raised the inadequacy and untimeliness of the Mapp request.  Having found that the challenged statement was spontaneous and admissible, County Court did not address the secondary Mapp question.

Garry, J.P., Egan Jr. and Clark, JJ., concur.


    ORDERED that the judgment is reversed, on the law, motion to suppress statement granted, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court