*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    106634
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

FRANCIS J. ERO,
                        Appellant.
_____

Calendar Date:  April 28, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Devine and Aarons, JJ.

_____

        Rebecca L. Fox, Plattsburgh, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Timothy G. Blatchley of counsel), for respondent.

_____

Aarons, J.

        Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered January 15, 2014, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

        After County Court denied defendant's motion to suppress a statement made to the state trooper who arrested him on two bench warrants, defendant pleaded guilty to grand larceny in the fourth degree and waived his right to appeal.  He was sentenced as a second felony offender in accordance with the plea agreement to a prison term of 2 to 4 years, to run concurrently with any undischarged sentence he was currently serving.  Defendant now appeals.

Initially, we agree with defendant that the waiver of the right to appeal was invalid. A review of the plea colloquy reflects that County Court did not adequately explain the separate and distinct nature of the right to appeal or confirm that defendant had been advised, read or understood the appeal waiver prior to it being executed (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Jeffery, 135 AD3d 1235, 1236 [2016]; People v Atkinson, 124 AD3d 1149, 1150 [2015], lv denied 25 NY3d 949 [2015]; People v Burgette, 118 AD3d 1034, 1035 [2014], lv denied 24 NY3d 1118 [2015]). As such, defendant's contentions on appeal are not precluded by the appeal waiver.

Turning to defendant's contention that the statement he made during the booking process should have been suppressed, we find that County Court properly determined that the statement was spontaneous and, therefore, admissible. "[S]pontaneous statements made while in custody which are not the product of questioning or its functional equivalent clearly are admissible regardless of whether Miranda warnings were given" (People v Kenyon, 108 AD3d 933, 936 [2013], lv denied 21 NY3d 1075 [2013]; see People v Harris, 57 NY2d 335, 342 [1982], cert denied 460 US 1047 [1983]; People v George, 127 AD3d 1496, 1497 [2015]). Here, the testimony at the Huntley hearing from Brian Belson, a state trooper, established that he arrested defendant on two bench warrants. Belson testified that, because defendant was arrested on the bench warrants, no Miranda warnings were issued because there was no need to interview defendant. While processing defendant, Belson informed defendant that he was also being charged with petit larceny for stealing heaters from Price Chopper in the Town of Plattsburgh — charges that had been prepared by another trooper and who had asked Belson to process defendant on that charge in the event that defendant was arrested. In response, defendant stated that he had taken the heaters "from Price Chopper in Champlain." Belson testified that the comment made no sense to him until subsequently speaking with an investigator following defendant's arraignment on the bench warrants.

The record establishes beyond a reasonable doubt that Belson merely informed defendant of an additional charge for which he was being processed and, in response, defendant

spontaneously made an incriminating statement.  As nothing in the record indicates that defendant's statement resulted from any inducement, provocation, interrogation or its functional equivalent, defendant's spontaneous statement was clearly admissible (see People v Harris, 57 NY2d at 342; People v Rivers, 56 NY2d 476, 480 [1982]; People v George, 127 AD3d at 1497; People v Rabideau, 82 AD3d 1283, 1284 [2011], lv denied 17 NY3d 799 [2011]; People v Roberts, 12 AD3d 835, 836 [2004], lv denied 4 NY3d 802 [2005]).

To the extent that defendant challenges the sentence as harsh and excessive, we are unpersuaded that County Court abused its discretion in imposing the agreed-upon sentence or that there are any extraordinary circumstances to warrant a reduction of the sentence in the interest of justice (see People v Leone, 105 AD3d 1249, 1250 [2013], lv denied 21 NY3d 1017 [2013]; People v Gazivoda, 68 AD3d 1346, 1347 [2009], lv denied 14 NY3d 840 [2010]).

McCarthy, J.P., Garry, Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court