People v James (2019 NY Slip Op 01708)





People v James


2019 NY Slip Op 01708


Decided on March 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2019

Gische, J.P., Webber, Kern, Singh, JJ.


4718/12 8656 8655

[*1]The People of the State of New York, Respondent,
v
Scharkey James, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Eunice Lee of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J. at suppression hearing; Ronald A. Zweibel, J. at speedy trial motion, jury trial and sentencing), rendered September 1, 2015, convicting defendant of robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 22 years to life, and order, same court (Ronald A. Zweibel, J.), entered on or about November 7, 2016, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously affirmed.
The verdict was not against the weight of the evidence
(see People v Danielson, 9 NY3d 342, 348-349 [2007]). Testimony elicited at trial was that defendant and another man, later identified as his cousin Jermaine, approached the husband and wife victims while they were walking on West 87th Street in New York County. Jermaine, with a gun aimed at the husband, directed him to get up against a car. The husband placed his hands against the car and felt the gun press against his back or left side. Defendant then moved the wife closer to the building line and demanded her phone and cash. The wife complied and handed defendant her white iPhone 4 with a pink case and a sum of U.S. currency.
Jermaine, with the gun still pressed against the husband's back, demanded the husband's money. The husband pulled out his wallet and dropped it to the ground. Jermaine took the money out of the wallet. He then demanded the husband's phone. After some hesitation by the husband and prompting by the wife, the husband complied and handed over his phone.
Defendant asserts that he could, at most, be only guilty of third-degree robbery. He argues that his actions could only constitute an unarmed robbery of the wife, actions that were separate from those of his cousin who was robbing the husband at gunpoint a few feet away. The evidence, including defendant's own admissions, overwhelmingly established that defendant and Jermaine were working as a team in robbing both husband and wife, and had a "community of purpose" (People v Allah, 71 NY2d 830, 832 [1988]; see People v Martinez, 30 AD3d 353, 354 [1st Dept 2006], lv denied 7 NY3d 868 [2006]; People v Harris, 271 AD2d 258, 258-259 [1st Dept 2000], lv denied 95 NY2d 853 [2000]). That the jury acquitted defendant of robbing the husband does not warrant a different conclusion. Although in performing a weight of the evidence review, we may consider an alleged factual inconsistency in a verdict (see People v Rayam, 94 NY2d 557, 563 n [2000]), we nevertheless find it "imprudent to speculate concerning the factual determinations that underlay the verdict" (People v Horne, 97 NY2d 404, 413 [2002]; see also People v Hemmings, 2 NY3d 1, 5 n [2004]).
The court providently exercised its discretion in admitting portions of defendant's statements that concerned uncharged crimes. We concur that the probative value of this evidence outweighed any prejudicial impact. In his statements, defendant admitted that he and his cousin had planned, but were unable to commit, another robbery immediately before the charged robbery, and that they committed the charged robbery as a substitute for the planned robbery. [*2]These statements were probative on the issue of defendant's intent to act in concert with his cousin, particularly where defendant asserted that he did not share his cousin's intent to commit a gunpoint robbery (see People v Ingram, 71 NY2d 474, 479-480 [1988]; People v Brown, 164 AD3d 1180, 1181 [1st Dept 2018]). In addition, defendant's offer to help the police buy firearms in exchange for favorable treatment was probative to show the voluntariness of defendant's statement, an issue that the defense did not concede. Defendant did not preserve his claim that limiting instructions were required, and we decline to review it in the interest of justice.
The court properly denied defendant's motion to suppress a showup identification. Initially, we note that identity was never an issue at trial, because defense counsel conceded that defendant was present, arguing instead that defendant did not act in concert with his cousin. In any event, the showup was sufficiently prompt, and the allegedly suggestive overall effect of the circumstances cited by defendant was not significantly greater than what is inherent in a showup itself (see e.g. People v Gatling, 38 AD3d 239, 240 [1st Dept 2007], lv denied 9 NY3d 865 [2007]).
The court properly denied defendant's speedy trial motion. In order for defendant to prevail on this claim, both of the two periods of delay at issue would have to be includable. We find that the court correctly excluded each period. The 62-day period of delay during which the victims, who were living in Virginia, were caring for their newborn infant, was correctly excluded as "occasioned by exceptional circumstances" (CPL 30.30[4][g]; see People v Goodman, 41 NY2d 888, 889 [1977]; People v Womack, 229 AD2d 304 [1st Dept 1996], affd 90 NY2d 974 [1997]). The record sufficiently establishes that it would have been unreasonably burdensome for the victims to come to New York to testify during that period (see People v Brown, 281 AD2d 325, 327 [1st Dept 2001], lv denied 96 NY2d 899 [2001] [witness wearing large, cumbersome cast deemed unavailable]). The court also correctly excluded the 96-day period during which the People's motion for consolidation of defendant's indictment with that of his codefendant cousin was pending (see CPL 30.30[4][a]). Although the People ultimately withdrew the motion because their efforts to resolve an issue under Bruton v United States (391 US 123 [1968]) proved unsuccessful, there is nothing to suggest that the motion was not made in good faith or that it was frivolous.
The court properly adjudicated defendant a persistent violent felony offender. The court correctly excluded the period during which defendant was incarcerated in federal prison in calculating whether 10 years had elapsed since his two prior violent convictions. In calculating the 10-year period, any period of time during which defendant was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony was properly excluded (Penal Law § 70.04[1][b][v]; see People v Cagle, 7 NY3d 647, 651 [2006]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2019
CLERK