People v Owen (2022 NY Slip Op 50368(U))

[*1]

People v Owen (Jonathan)

2022 NY Slip Op 50368(U) [75 Misc 3d 127(A)]

Decided on April 21, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 21, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-654 N CR

The People of the State of New York,
Respondent,
against
Jonathan Owen, Appellant. 

Martin Geoffrey Goldberg, for appellant.
Nassau County District Attorney, Andrea M. Digregorio and Kelly Gans of counsel, for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Andrew M.
Engel, J.), rendered February 21, 2019. The judgment convicted defendant, upon a jury verdict,
of driving while intoxicated per se, and imposed sentence.

ORDERED that the judgment of conviction is affirmed. 
Insofar as is relevant to this appeal, following a jury trial, defendant was convicted of driving
while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), and sentence was imposed.
On appeal, defendant contends that the evidence was legally insufficient, the verdict was against
the weight of the evidence, he received the ineffective assistance of counsel, and the District
Court improperly denied his CPL 440.10 motion to vacate the judgment.
Defendant's contention regarding the legal sufficiency of the evidence is unpreserved for
appellate review since, at trial, he failed to raise the specific arguments he now makes on appeal
(see CPL 470.05 [2]; People v
Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61
[2001]; People v Gray, 86 NY2d 10 [1995]), and we will not consider this contention in
the interest of justice. However, as there is no preservation requirement associated with
defendant's contention that the verdict was against the weight of the evidence, we must determine
whether all of the elements of the crime as charged to the jury were proven beyond a [*2]reasonable doubt as part of our weight of the evidence review (see People v Danielson, 9 NY3d
342, 348-349 [2007]; People v
Thiel, 134 AD3d 1237 [2015]).
In order for defendant to be found guilty of driving while intoxicated per se, the People had
to establish, beyond a reasonable doubt, that defendant operated his vehicle "while . . . [he] has
.08 of one per centum or more by weight of alcohol in [his] blood as shown by chemical analysis
of [his] . . . breath" (Vehicle and Traffic Law § 1192 [2]). Pursuant to Vehicle and Traffic
Law § 1194 (2), a chemical test must be administered within two hours after either (1) a
driver is arrested or stopped based on the police officer's reasonable belief that the driver
operated a vehicle in violation of Vehicle and Traffic Law § 1192 (see Vehicle and
Traffic Law § 1194 [2] [a] [1]), or (2) a field test (i.e., a portable breath test [PBT])
indicates that the driver has consumed alcohol (see Vehicle and Traffic Law § 1194
[2] [a] [2]). Vehicle and Traffic Law § 1195 (1) provides that evidence of a defendant's
blood alcohol content (BAC) is admissible at trial if the chemical test was administered in
accordance with the provisions of Vehicle and Traffic Law § 1194 (2).
The relevant evidence adduced at trial showed that an accident took place at about 8:45 p.m.,
the trooper arrived at the scene at about 9:15 p.m., and he administered a PBT to defendant at
9:29 p.m. The PBT indicated that defendant's BAC was .07. Defendant was arrested at 9:30 p.m.
The trooper testified that PBTs are not standardized and are not calibrated, and, therefore,
although the PBT indicated that defendant had a BAC of .07, it could have, in fact, been as high
as .09 or .10. At 10:07 p.m., a chemical Drager Alco test was administered to defendant and that
test indicated that defendant's BAC was .09. Defendant argues that the BAC result of his field
PBT, administered at 9:29 p.m., is a better indicator of his BAC at the time of his 8:45 p.m.
accident than the Drager Alco test result, which showed his BAC at the time that latter test was
taken at 10:07 p.m.
Evidence of PBT results are not admissible as proof of intoxication because their reliability
for this purpose is generally not accepted in the scientific community (see People v Krut, 133 AD3d 781,
784 [2015]; People v Palencia, 130
AD3d 1072 [2015]; People v
Kulk, 103 AD3d 1038, 1040 [2013]). Nevertheless, since the Drager Alco test was
administered to defendant within the relevant two hour time period (see Vehicle and
Traffic Law § 1194 [2]), that test result was properly admitted as evidence of defendant's
intoxication (see Vehicle and Traffic Law § 1195 [1]). Upon the exercise of our
factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 342, 348-349
[2007]), while according great deference to the trier of fact's opportunity to view the witnesses,
hear their testimony, observe their demeanor, and assess their credibility (see People v
Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we
find, based on the aforementioned evidence adduced at trial, that the verdict convicting defendant
of driving while intoxicated per se was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
Upon a review of the record, we find that defendant's trial attorney provided him with
meaningful representation in accordance with the New York State standard (see NY
Const, art I, § 6; People v
Caban, 5 NY3d 143, 155-156 [2005]; People v Benevento, 91 NY2d 708, 713
[1998]), and the effective assistance of counsel under the federal standard (see US Const
Amend VI; Strickland v Washington, 466 US 668 [1984]).
We note that any issue regarding the denial of defendant's CPL 440.10 motion is not properly
before this court as defendant did not obtain leave to appeal from that order (see CPL
450.15 [1]; People v Hanner, 21
Misc 3d 134[A], 2008 NY Slip Op 52192[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2008]). 
Accordingly, the judgment of conviction is affirmed. 
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 21, 2022