People v Curtis (2025 NY Slip Op 51060(U))

[*1]

People v Curtis

2025 NY Slip Op 51060(U)

Decided on June 26, 2025

Criminal Court Of The City Of New York, New York County

Shamahs, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Petitioner,

against
Khalil Curtis, Defendant.

CR-035357-24NY

For defendant: Neighborhood Defender Services of Harlem (Benjamin Pitta Esq. of Counsel) 
For the People: Alvin Bragg, New York County District Attorney (ADA Rianna Iorillo Esq. of Counsel)

Elizabeth Y. Shamahs, J.

On February 17, 2025, at 29-87 Frederick Douglass Boulevard, New York County, at approximately 9:36 p.m., Officer Yefersso Salas Martinez, of Manhattan Strategic Response Team, observed defendant, Khalil Curtis, driving over the speed limit and driving through a red light without stopping. Upon stopping the vehicle and approaching defendant, Officer Salas Martinez observed defendant with a strong odor of alcohol emanating from his breath, slurring his words, and with bloodshot watery eyes. And Officer Salas Martinez concluded that defendant was driving while intoxicated. Officer Tuhin Khan, Officer Salas Martinez's partner, attempted to conduct a roadside portable breath test (PBT), but defendant swiped his hand away, was combative, and refused to comply with directions. Defendant was placed under arrest at 10:07 p.m., after which he requested medical attention and was subsequently removed to Jacobi Hospital. After reading defendant refusal warnings, Officer Lyubchenko of Highway Unit 1 asked defendant to submit to a chemical test at 11:59 p.m. Defendant refused to submit to a blood draw conducted by medical staff at 12:02 a.m. the following day, but consented to Officer Lyubchenko administering a portable breath test via the Drager Alcotest 7510 at 12:07 a.m., where he registered a Blood Alcohol Content (BAC) of 0.09.
For these acts, defendant was subsequently charged and arraigned in Criminal Court with two counts of operating a motor vehicle while under the influence of alcohol Vehicle and Traffic Law (VTL) §§ 1192 (1), (3).
Now, in papers, dated May 7, 2025, defendant moves this Court for an Order granting the following: the suppression of evidence related to the preliminary breath test, on the ground that it was the direct fruit of an unlawful arrest under the Fourth Amendment. He similarly moves to [*2]suppress all police observations of defendant, including video footage, on the same grounds. Defendant also seeks the suppression of noticed statements to police officers on the ground that they were involuntary under the Fifth Amendment. Defendant also moves for hearings under section 1194 of the Vehicle and Traffic Law, for a voluntariness hearing as to non-noticed statements to be used at trial during cross-exam, for preclusion at trial of defendant's prior convictions and bad acts, to file further motions, and to direct timely compliance under Brady/Vilardi.
In their opposition papers, dated May 13, 2025, the People argue for the denial of suppression in all respects, but consent to a Johnson hearing. The People additionally cross-move for reciprocal discovery from defendant.
The Court's Opinion is as follows:

 
 MOTION TO SUPPRESS CHEMICAL BREATH TEST EVIDENCE AND POLICE OSERVATIONS
Defendant seeks suppression of all tangible, non-tangible, and testimonial evidence related to a chemical breath test, as well as to recorded police observations, as a result of an unlawful search and seizure. Alternatively, he seeks a combined Ingle/Johnson/Atkins/Mapp/Dunaway hearing to test the legality of defendant's arrest. In support of his claim, defendant argues that he was stopped by police officers, absent a warrant, probable cause, or even reasonable suspicion, and without having committed any traffic infractions (Defendant Memorandum of Law ¶1[a]). He further alleges that after the illegal stop, police officers ordered defendant out of his car and placed him under arrest without having conducted sufficient investigation, nor having made any credible observations that would have led them to believe a crime had been committed. Defendant then concludes that the chemical breath test result and related evidence was therefore illegally obtained and should be suppressed as a result.
The People argue that the chemical test results were lawfully obtained because Officer Salas Martinez observed defendant operating a motor vehicle while driving over the speed limit and going through a red light before stopping the vehicle, where he observed defendant with a strong odor of alcohol emanating from his breath, slurring his words, and with bloodshot watery eyes, leading him to conclude that defendant was intoxicated. The People additionally point out that defendant was provided with all pre-trial discovery on or before April 21, 2025, which included body-worn camera (BWC) footage capturing the stop and approach.
Criminal Procedure Law (CPL) §710.60(1) provides that a defendant is entitled to a hearing on a suppression motion only if there is an issue of fact that must be resolved determining whether suppression is required. The same section requires that a suppression motion be in writing, state the grounds upon which it is based, and "contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds". Id. A court may summarily deny a motion to suppress if the movant's papers do not allege a ground constituting a legal basis for suppression, or the sworn allegations fail, as a matter of law, to support the ground alleged. CPL. §710.60(3); People v Burton, 6 NY3d at 587; People v Jones, 95 NY2d 721, 725 (2001). Generally, a suppression motion may be summarily denied "if no legal basis for suppression is presented or if the factual predicate for the motion is insufficient as a matter of law". People v Rodriguez, 79 NY2d 445, 452, citing CPL §710.60(3). People v Dixon, 85 NY2d 218, 221 (1995).
In assessing the sufficiency of the defendant's factual allegations, and whether the [*3]defendant is entitled to a hearing, the Court of Appeals in People v Mendoza, 82 NY2d 415, 426 (1993) provided the following guidance: "[T]he sufficiency of defendant's factual allegations should be evaluated by (1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant's access to information." It must also be borne in mind that "[h]earings are not automatic or generally available for the asking by boilerplate allegations." Id. at 422; see also People v Long, 36 AD3d 132, 133 (2006), aff'd. 8 NY3d 1014 (2007).
And where, as here, defendant's motion only offers a broad and cursory denial, it does not amount to sworn allegations of fact sufficient to support any ground for suppression, nor does it create any factual issue warranting a hearing. See People v Burton, 6 NY3d 584, 587 (2006); People v Mendoza, 82 NY2d 415, 422 (1993). Moreover, given the copious amounts of discovery and access to information, this case is distinguishable from instances where summary denial was improper in light of the limited access to information defendant had at the motion stage. See e.g., People v Mitchell, 115 AD3d465 (1st Dept 2014); People v Rivera, 42 AD3d 160 (1st Dept 2007). Accordingly, defendant's motion for suppression, or hearings in the alternative, are denied notwithstanding relief that is consented to. As the People consent to a Johnson hearing elsewhere in their motion, only a Johnson hearing is granted, and Dunaway/Mapp/Ingle/Atkins denied.
In addition, defendant's request for a Gursey hearing is denied. See People v Gursey, 22 NY2d 224 (1968). The bareboned declaration that a "chemical breath test was performed in violation of [defendant's] limited right to consult with counsel before deciding whether to consent to chemical testing" (Defendant's Memorandum of Law ¶1[e]) is woefully inadequate to grant a hearing. Defendant does not allege any of the three points necessary to obtain Gursey suppression, or a hearing thereon, i.e., that he made "such a request" to speak with counsel, that counsel was "physically present [or could] be reached promptly by telephone or otherwise" at the time of the request, and that it was "feasible for the police to allow defendant to attempt to reach counsel without unduly delaying administration of the chemical test." People v Smith, 18 NY3d 544, 549 (2012).
MOTION TO SUPPRESS STATEMENTS
Defendant additionally moves for the suppression, or hearings in the alternative, of noticed statements that the People intend to introduce at trial on the grounds that it was the tainted fruit of an unlawful arrest and that the statements were involuntarily made. The People argue that defendant's motion to suppress defendant's statements on the ground that they were the product of an unlawful arrest and seizure should be denied because defendant's arrest was lawful. The People additionally point out that defendant's motion does not contain "sworn allegations of fact" necessary to warrant a hearing CPL §710.60(1); People v Mendoza, 2 NY2d 415, 422 (1993); People v Covington, 144 AD2d 238 (1st Dept 1988); People v Mitchell, 115 AD3d 465, 465-66 (1st Dept 2014).
Defendant's motion seeking suppression of statements as the product of an unlawful arrest and seizure, or a Dunaway/Huntley hearing in the alternative, is denied. As initially outlined above, defendant's suppression motion must be made in accordance with CPL §710.60. Pursuant to CPL §710.60, a defendant must state the legal ground for the motion. He must also make sworn allegations of fact supporting the motion, which he has failed to do here. See People v Mendoza, 82 NY2d 415 (1993); People v Smythe, 210 AD2d 887 (1997). A motion to suppress a statement because it was the product of an unlawful seizure can be denied without a hearing when the motion lacks factual allegations to support the conclusion that defendant was [*4]unlawfully seized. See People v Brunson, 226 AD2d 1093 (4d Dept 1996); People v Huntley, 259 AD2d 843 (3d Dept 1999); People v Purcelle, 282 AD2d 824 (3d Dept 2001). Conclusory allegations of an unlawful seizure can also result in summary denial of a suppression motion. See People v Toxey, 220 AD2d 204 (1st Dept 1995); People v Lofton, 129 AD2d 970 (4d Dept 1987).
Defendant's motion seeking suppression, or a Huntley hearing in the alternative, to test the voluntariness of defendant's statement is granted to the extent that a Huntley hearing is ordered based upon the allegations contained in counsel's affirmation, entitling him to such relief. CPL §710.60 (3); CPL §60.45). Defendant is not required to set forth specific factual allegations of involuntariness in order to obtain a Huntley hearing. Accordingly, a Huntley hearing is ordered as to the voluntariness of defendant's statements.

MOTION TO SUPPRESS FOR FAILURE TO COMPLY WITH SECTION 1194 OF THE VEHICLE AND TRAFFIC LAW / REFUSAL, ATKINS/CAPRAELLA AND VICTORY HEARINGS
Defendant moves this Court to suppress breathalyzer, alcosensor, and other chemical test results and testimony regarding defendant's refusal to submit to a breathalyzer, alcosensor, or chemical test, based upon the failure to comply with VTL §1194, or for hearings in the alternative. Defendant additionally moves this Court for a combined Atkins/Capraella hearing to determine whether defendant expressly and voluntarily consented to a chemical test, namely a breath test, administered more than two hours after defendant's arrest. People v Atkins, 85 NY2d 1007 (1995); People v Odum, 31 NY3d 344 (2018); People v Capraella, 165 Misc 2d 639 (Crim Ct Queens Co 1995). He further asks for a Victory hearing to determine the scientific reliability and probative value of a BAC test administered more than two hours following arrest. People v Victory, 166 Misc 2d 549 (Crim Ct Kings Co 1995). In this vein, defendant contends that he was observed operating a motor vehicle on public street at 9:36 p.m. on February 17, 2025, arrested at 9:58 p.m., and the chemical test administered more than two hours later, at 12:06 a.m. February 19, 2025 (Defendant's Memorandum of Law ¶9).
The People argue that while defendant was observed operating a motor vehicle at 9:36 p.m., on February 17, 2025, he was actually placed under arrest at 10:07 p.m., and the chemical breath test, namely the Drager Alcotest 7510, a Mobile Printer PBT, was administered at 12:07 a.m., the following day, and within the two-hour timeframe. The People supply this Court with a copy of the Drager printout receipt, indicating that the breath test was administered at "0007" on "2.18.2025 and a copy of the NYPD Online Arrest Report, which notes defendant's arrest time as "22:07:00" on "02-17-2025" (People's Exhibits 1 and 2 annexed). Additionally, this Court has reviewed the court file, containing the DWI paperwork, namely the Intoxicated Driver Examination — Blood report, and finds that the test was administered exactly within two hours, as the People contend, and satisfies the requirements under the statute. VTL §1194(2)(a)(1). Accordingly, defendant's requests for suppression, or Atkins/Capraella and Victory hearings, are denied.
Next, the People do not specifically address the portion of defendant's motion seeking the suppression of evidence, or hearings alternatively, related to defendant's refusal to submit to a to a breathalyzer, alcosensor, or other chemical test, based upon the failure to comply with VTL §1194. However, they do contend that that defendant's request for an §1194 hearing should be denied because the chemical test administered, namely the Drager Alcotest 7510 PBT, was properly administered (People's Response ¶12).
Based on the People's response and the assertions throughout, this Court is inferring that the People intend to proceed with the Drager Alcotest 7510 PBT as substantive proof of defendant's intoxication, rather than proceed to a §1194 Refusal hearing, where, assuming that they could demonstrate that the refusal warnings given were properly and persistently administered, they would then be able to proceed at trial and offer evidence of defendant's refusal as consciousness of guilt evidence during their case-in-chief. People v MacDonald, 89 NY2d 908, 910 (1996); People v Thomas, 46 NY2d 100, 106 (1978); People v Sirico, 135 AD3d 19, 23 (2d Dept 2016); People v Chamberlain, 72 Misc 3d 126(A) (App Term, 2d, 9th &10 Jud Dists 2022).
This Court acknowledges that while PBT results are generally inadmissible, recent courts have ruled that these results can be admitted when their reliability can be established. People v Owen, 75 Misc 3d 127(A) (App Term, 2d, 9th &10 Jud Dists 2022); People v Hernandez, 78 Misc 3d 768 (Crim Ct Bx Co 2023). See also People v Mendez, 84 Misc 3d 1238(A) (Crim Ct NY Co 2024) (Brown, J). This Court also recognizes that the Drager Alcotest 7510 appears on the Department of Health's Approved Products List (10 NYCRR 59.4), which obviates the need for a Frye hearing to determine its scientific reliability.[FN1]
People v Hernandez, 78 Misc 3d 768, 782 (2023); People v Brockington, 51 Misc 3d 1211(A), *2 (Crim Ct NY Co 2016); People v Lent, 29 Misc 3d 14, 16-17 (App Term, 2d, 9th &10 Jud Dists 2010); People v Hargobind, 34 Misc 3d 1237(A) (2012). Accordingly, defendant's request for suppression of refusal evidence, or hearings, is denied.
All other branches of defendant's omnibus motion seeking suppression, or, , hearings in the alternative, are denied as duplicative of hearing requests by defendant herein granted or unsupported by defendant's arguments or the record.

MOTION FOR PRE-TRIAL VOLUNTARINESS HEARING
Defendant additionally seeks a hearing to test the voluntariness of unnoticed statements made to law-enforcement and civilian witnesses (Defendant's Memorandum of Law ¶8).[FN2]
He does not move for preclusion. The People do not make any representations as to the existence of any non-noticed statements, noting that defendant has not complained of any "threats, physical assault, or any kind of undue pressure" that would be the subject of a hearing. People v Grillo, 176 AD2d 346 (2d Dept 1991) (People's Response ¶21). Seeing that there are no unnoticed statements and defendant does not allege any, defendant's request for a voluntariness hearing is denied as premature. 

MOTION FOR PRECLUSION PRIOR BAD ACTS/ VENTIMIGLIA AND PRIOR CONVICTIONS / SANDOVAL
Defendant seeks the preclusion of using defendant's prior bad acts and prior convictions at trial (Defendant's Memorandum of Law ¶9). Should he testify, defendant, like any other witness, places his credibility in issue. Although a witness may not be questioned about an arrest per se, it is a provident exercise of the Court's discretion to permit cross-examination concerning any immoral, vicious, dishonest and or criminal act, even if defendant was not formally charged [*5]with it. People v Sandoval, 34 NY2d 371, 373 (1974); People v Rockwell, 18 AD3d 969 (3d Dept 2005); People v Di Bella, 277 AD2d 699 (3d Dept 2000); People v Connolly, 259 AD2d 1039 (4d Dept 1999); People v Maiolo, 122 AD2d 586 (4d Dept 1986); Prince, Richardson on Evidence, 11th Ed., 6-406.
The People's disclosure obligation is governed by People v Sandoval, 34 NY2d 371 (1974), which directs the People to notify the defendant, immediately prior to the commencement of jury selection of the acts which they will seek to use for impeachment purposes. However, it is defendant who must demonstrate that the prejudicial effect of such evidence so far outweighs its probative worth that it must be excluded, as it is the defendant who bears the burden of persuasion. See People v Sandoval, 34 NY2d 371, 378 (1974). The permissible scope of such impeachment evidence rests largely, if not completely, with the trial court. People v Gray, 84 NY2d 709, 712 (1995); People v Walker, 83 NY2d 455, 459 (1994). Accordingly, defendant's motion is therefore deferred to the trial court. People v Sandoval, 34 NY2d 371 (1974). 

MOTION FOR TIMELY COMPLIANCE WITH BRADY/VILARDI DEMANDS
Defendant's moves for an Order from this Court directing timely compliance from the People with regard to their discovery obligations, namely, Brady/Vilardi materials (Defendant's Memorandum of Law ¶16). As the People correctly note, defendant motion is absent any particularized claim that the People have failed to comply with their discovery obligations (People's Response ¶25). Accordingly, defendant's motion is granted only to the extent that the People are hereby directed to comply with their continuing discovery obligations pursuant to CPL §§ 200.95 and 245, including Brady/Vilardi disclosures.

OTHER MOTIONS
Defendant's remaining requests are denied as duplicative, premature, moot, unsupported by the record, or without merit. 

PEOPLE'S MOTION FOR RECIPROCAL DISCOVERY
The People seek reciprocal discovery from defendant, namely, information pertaining to alibi. Defendant is hereby directed to supply the People with alibi information and comply with his reciprocal discovery obligations pursuant to CPL §245.20(4), including filing and serving a defense Certificate of Compliance with the People and the Court.
The foregoing constitutes the Opinion, Decision, and Order of the Court.
Dated: June 26, 2025
New York, New York
ELIZABETH Y. SHAMAHS, J.C.C

Footnotes

Footnote 1:Neither party has requested a Frye hearing.

Footnote 2:This paragraph in Defendant's Memorandum of Law is incorrectly numbered as ¶8, with the immediately preceding paragraph numbered as ¶11.